**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ROBERT G. THORNTON,**

Plaintiff,

v.

Case No. 17-cv-623 (CRC)

**UNITED STATES OF AMERICA, et al.**,

Defendants.

## MEMORANDUM OPINION

Pro se Plaintiff Robert Thornton, a Vietnam War veteran, challenges the Department of Veterans Affairs' ("VA") handling of his benefits claim. Thornton receives monthly compensation payments from the VA for post-traumatic stress disorder and hearing loss. Over the last several years, he has attempted to receive additional benefits. Though his complaint is difficult to parse, Thornton appears to allege that VA officials violated his Fifth Amendment due process rights by conspiring to "defraud" him out of the opportunity to have his claim for additional benefits adjudicated. Complaint ¶ 19. Because the Court lacks subject matter jurisdiction to decide Thornton's claim, it will dismiss the case.

## I.  Background

The VA distributes benefits to veterans of the United States Armed Forces based on a rating system that determines a veteran's level of impairment due to an injury suffered during active duty. 38 U.S.C. §§ 301(b), 1110; 38 C.F.R. § 4.1. Veterans seeking these benefits may first file an "informal claim," followed by a "formal claim." 38 C.F.R. § 3.155(b), (d). If the veteran disagrees with the VA's benefits determination, he can file a Notice of Disagreement. In response to the Notice of Disagreement, the VA can either grant the requested benefit or issue a "Statement of the Case," which explains its reasons for denying the benefit. 38 U.S.C. §

7105(d)(1). The veteran then has 60 days to file a Substantive Appeal to the Board of Veterans Appeals. Id. § 7105(d)(3). If a veteran disagrees with the outcome of the administrative process, he can appeal to the Court of Appeals for Veterans Claims ("Veterans Court") within 120 days of the Board's decision. Id. § 7266(a). Veterans Court decisions can be appealed to the United States Court of Appeals for the Federal Circuit. Id. § 7292.

Thornton's benefit claims have a complicated procedural history. He filed an informal claim for veterans' benefits with the VA in 2007. Later that year, he brought a formal claim seeking benefits for hearing loss, tinnitus (ringing in the ears), and Post Traumatic Stress Disorder ("PTSD"). Thornton v. McDonald, 597 F. App'x 641, 642 (Fed. Cir. 2015). The formal claim resulted in a benefits determination that awarded Thornton some PTSD benefits while denying his claims related to hearing loss and tinnitus. Id. Between 2008 and 2012, Thornton disputed the VA's determination twice, seeking increased disability ratings. These disputes ultimately resulted in a 2012 decision that granted Thornton a 100 percent PTSD rating while still denying his hearing loss and tinnitus claims. Id. In 2013, Thornton filed another Notice of Disagreement disputing the decision on his hearing loss and seeking an earlier effective date for his PTSD. Id.

A few months later, having not received a response from the VA, Thornton filed a petition for a writ of mandamus with the Veterans Court. Id. While that petition was pending, the VA issued two decisions: 1) a decision granting Thornton benefits for his hearing loss and an effective date for his PTSD, hearing loss, and tinnitus of March 1, 2007, the date that he had initially requested in his informal claim; and 2) a Statement of the Case denying him an effective date for PTSD earlier than March 1, 2007. Complaint Ex. E. Meanwhile, the Veterans Court denied Thornton's mandamus claim, which he then appealed to the United States Court of

Appeals for the Federal Circuit. The Federal Circuit affirmed the Veterans Court's decision. Thornton, 597 F. App'x at 643–44.

At that point, Thornton attempted to appeal the VA's Statement of the Case denying him an earlier effective PTSD date to the Board of Veterans Appeals. Thornton v. McDonald, 626 F. App'x 1007 (Fed. Cir. 2015). However, that appeal was not accepted because it was filed after the 60-day deadline. Id. So Thornton filed another writ of mandamus with the Veterans Court seeking an order that would force the Board of Veterans Appeals to hear his appeal. The Veterans Court denied that petition, Thornton v. McDonald, 2015 WL 4591675 (Vet. App. July 30, 2015), and the Federal Circuit affirmed. Thornton then filed another motion in the Veterans Court to reopen the case, which the Court denied and the Federal Circuit again affirmed. Thornton v. McDonald, 626 F. App'x at 1007. Finally, Thornton filed suit in this Court, accusing the VA of fraudulently preventing him from appealing his claim to the Board of Veterans Appeals in violation of his Fifth Amendment rights. Complaint ¶¶ 14, 17.

## II.    Standard of Review

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing the Court's subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The Court must accept the plaintiff's factual allegations as true. United States v. Gaubert, 499 U.S. 315, 327 (1991). And pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citation omitted).

**III. Analysis**

   A.  This Court Does Not Have Subject Matter Jurisdiction over Plaintiff's Claims

   The Veterans' Benefit Act of 1957, as amended by the Veterans Judicial Review Act, precludes this Court from reviewing VA decisions "affecting the provision of veterans' benefits." Price v. United States, 228 F.3d 420, 421 (D.C. Cir. 2000).  Specifically, 38 U.S.C. § 511 states that the VA's decisions about  ". . . all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits . . . shall be final and conclusive and may not be reviewed by any other official or by any court."  The exclusive avenue for appeal of a VA benefits determination is through the Court of Veterans Appeals, and from there to the United States Court of Appeals for the Federal Circuit. Price, 228 F.3d at 421.

   Article III courts can, however, review some actions of the VA.  The key is that the challenged actions cannot raise questions of law or fact "necessary to a decision by the Secretary under a law that affects the provision of benefits." Thomas v. Principi, 394 F.3d 970, 974 (D.C. Cir. 2005).  Under this formulation, district courts can hear suits alleging certain torts committed by the VA where the suit does not require first determining whether the VA "acted properly" with respect to a benefits request.  See id. at 974–75 (allowing Article III court to hear a tort claim based on the VA's withholding of a schizophrenia diagnosis because no benefits determination "underlies" that allegation).  Additionally, some circuits have allowed Article III courts to review certain facial constitutional challenges to the VA's general claim-review procedures because a "consideration of the constitutionality of the procedures in place . . . is different than a consideration of the decisions that emanate through the course of the presentation of those claims."  See, e.g., Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1034 (9th Cir. 2012).  In other words, the power of an Article III court to review an action of the VA turns

on whether the reviewing court would have to evaluate the propriety of an individual veteran's benefits determination. This distinction turns on the "substance" of a plaintiff's claim rather than the labels he assigns it. Thomas, 394 F.3d at 975.

Here, Thornton alleges that fraud committed by the VA prevented him from appealing his benefits claim to the Board of Veterans Appeals in violation of his constitutional rights. Complaint ¶ 15. Specifically, Thornton alleges that the VA misconstrued his 2015 Substantive Appeal as a Notice of Disagreement in order to manufacture a timeliness issue with his appeal to the Board. Id. ¶¶ 25–26. He also alleges that the VA destroyed evidence relevant to his claim. Id. ¶ 27 (allegation that the VA "orchestrated the concealment of missing medical records"). Thornton seeks a declaratory judgment that these actions undertaken by the VA during the adjudication of his benefits claim violated his due process rights.

Thornton's claim is, at bottom, a challenge to his benefits determination. In order to adjudicate Thornton's case, the Court would be forced to examine the propriety of the VA's actions in administering his benefits claim. Although Thornton attempts to avoid this outcome by arguing that his claim is a challenge to the *methods* used by the VA in reaching its decision, assessing those methods still implicates Thornton's individual benefits determination. Pl. Opposition at 11. Unlike a facial challenge to the constitutionality of the VA's general procedures, Thornton's claim is a challenge to the VA's adjudication of his *particular* benefits. And unlike issues raised in a standard tort claim, the operative questions here—whether Thornton timely filed his appeal and whether the VA destroyed relevant medical records—are ones of "law and fact necessary to a [benefits] decision." 38 U.S.C. § 511(a). Therefore, under section 511, the Court does not have jurisdiction over Thornton's claims. Id.

B.  Section 511(a) as Applied to Plaintiff's Claims Is Constitutional

Thornton also challenges the constitutionality of section 511(a) as applied to his case on the ground that precluding review of his claim prevents this Court from adjudicating "instances of actual fraud prior to veteran's claim reaching the Board of Veterans' Appeals."  Complaint ¶¶ 16–18.  Thornton is mistaken: Section 511(a) is constitutional both facially and as-applied to his case.

First, courts have repeatedly upheld the facial constitutionality of section 511.  See, e.g., Peavey v. Holder, 657 F. Supp. 2d 180, 186 (D.D.C. 2009); Bradley v. Nicholson, 181 F. App'x 989, 994 (Fed. Cir. 2006).  These decisions are supported by the broader principle that Congress may direct judicial review through administrative processes and limit it to specific courts.  See, e.g., Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207 (1994).

Second, section 511 is constitutional as applied to Thornton's case.  Even though this Court cannot review Thornton's claim, he has both administrative and judicial avenues through which to challenge the VA's actions, including the Federal Circuit.  Specifically, Thornton's allegation that the VA committed fraud with respect to the timeliness of his appeal to the Board of Veterans Affairs is an appealable issue that can be challenged through the administrative process and, to the extent it states a constitutional claim, in the Federal Circuit.[1]  38 C.F.R. §

_____

[1] To be sure, the Federal Circuit in this case declined to review Thornton's timeliness claim because it concluded that the issue was "purely factual" rather than constitutional. Thornton v. McDonald, 626 F. App'x at 1008.  However, for non-constitutional questions, Thornton's administrative avenues for review are constitutionally adequate.  See Lauf v. E.G. Shinner & Co., 303 U.S. 323, 330 (1939) ("There can be no question of the power of Congress thus to define and limit the jurisdiction of the inferior courts of the United States"); Webster v. Doe, 108 S. Ct. 2047, 2053 (1988) (assuming validity of a provision withdrawing federal jurisdiction over agency discharge determinations where statute allowed for review of constitutional claims).  Additionally, the VA specifically provided Thornton with "instructions

19.34.  Consequently, *this Court's* lack of subject matter jurisdiction over Thornton's claim does not pose constitutional concerns.  <u>See, e.g.</u> <u>Larrabee by Jones v. Derwinski</u>, 968 F.2d 1497, 1501 (2d Cir. 1992) ("By providing judicial review in the Federal Circuit, Congress intended to obviate the Supreme Court's reluctance to construe the statute as barring judicial review of substantial statutory and constitutional claims.")

## IV.  Conclusion

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.  A separate Order will accompany this Memorandum Opinion.

_____

CHRISTOPHER R. COOPER
United States District Judge

Date:   December 11, 2017

_____

regarding how to appeal the untimeliness decision."  <u>Thornton v. McDonald</u>, 626 F. App'x at 1008.